MUNICIPAL LIGHTING CO. v. PAULL.

(Supreme Court, Appellate Term. November 14, 1906.)

BAILMENT—ACTION FOR RENT—EVIDENCE—FINDINGS.

In an action for rent of a lamp, under a contract by which defendant agreed to use it for 12 months at a dollar a month, payable in advance, evidence held insufficient to sustain a judgment dismissing the complaint.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the Municipal Lighting Company against Samuel Paull. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed. New trial granted.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Miron Winslow, for appellant.

Richard I. White, for respondent.

GILDERSLEEVE, J. Plaintiff corporation sued defendant for $11, claimed to be balance due for the use of a lamp rented by plaintiff to defendant for 12 months, at the rate of $1 per month, payable in advance. The justice at the end of the whole case "dismissed the complaint on the merits." Plaintiff appeals.

A written contract is introduced, by which defendant agreed to rent the lamp for one·year on the terms above indicated. On the same paper and underneath plaintiff's signature is a blank form of contract for taking the lamp on trial for one month and returning it if not satisfactory. This second form of contract, however, is not filled out, and not signed, being underneath the signatures as above stated. The contract is dated September 26, 1904. It is not denied that defendant got the lamp and kept same for 12 months, but only paid $1 therefor. Defendant claims that, about a week previous to signing this contract, he signed another contract with plaintiff to take a lamp on trial, and, if satisfactory, to keep it; otherwise, to return it. This alleged contract is not introduced in evidence, and seems not to have been acted upon. Defendant further claims that he signed the contract in suit under the impression that it was the same form of contract as the one last above mentioned. Several times during the year plaintiff sent a man to clean said lamp, and defendant on each occasion signed a card certifying that the lamp was in good condition, until April 4, 1905, when defendant refused to let the plaintiff's employé see the said lamp. Defendant admits on cross-examination he used the lamp from the beginning, but later says he used it only six or seven days, and that after that time it "hung there," and he notified plaintiff to take it away. Plaintiff's witness swears it was in use all the time, and the production of the cards, acknowledging it to be in good condition, tend strongly to corroborate this statement, while, as we have seen, there is no dispute that defendant signed the contract to hire the lamp for a year, and that he kept said lamp for a year, hanging up where plaintiff put it under defendant's instructions. It seems to us that the judgment is against the weight of evidence, and should not stand.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.